**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

MARQUISE MILLER,

Plaintiff,

v.

OKLAHOMA DEPARTMENT OF HUMAN SERVICES; KATIE SNIDER, in her Official and Individual Capacity, PAM LAFERNEY, in her Official and Individual Capacity; DEANNA NICHOLS, in her Official and Individual Capacity; JOAN WEST, in her Official and Individual Capacity.

Defendants.

Case No. CIV-22-507-D

## ORDER

Before the Court are two motions to dismiss filed by Defendant Oklahoma Department of Human Services [Doc. No. 6] and Defendants Katie Snider, Pam LaFerney, Deanna Nichols, and Joan West (the "Individual Defendants") [Doc. No. 9]. Plaintiff Marquise Miller, *pro se*, filed a response in opposition to both motions [Doc. Nos. 7, 10]. The matters are fully briefed and at issue.

## BACKGROUND

Plaintiff owns a daycare facility known as Wonderfully Made Learning Center. Wonderfully Made is licensed through the Oklahoma Department of Human Services ("DHS"). Plaintiff alleges that Defendants have discriminated against him, as owner of Wonderfully Made, because of his age, race, and gender. Specifically, he claims that DHS

utilizes a "different set of standards for white owned and operated childcare centers than they do for black owned and operated ones." Compl. [Doc. No. 1] at ¶ 18. Despite receiving "less serious infractions," Plaintiff claims that Wonderfully Made was subjected to more visits from DHS than daycare facilities owned by non-minority owners. *Id.* at ¶¶ 22, 32-33. Plaintiff alleges (1) a fourteenth amendment equal protection violation actionable under 42 U.S.C. § 1983; (2) a violation of 42 U.S.C. § 1981; and (3) a fifth amendment substantive due process violation actionable under 42 U.S.C. § 1983.

Plaintiff requests that the Court "enjoin[] any of the . . . complained of conduct and actions by Defendant; . . . [r]equir[e] Defendant in their official capacities to cease all race-based discrimination against Plaintiff; . . . [and] [a]ward[] Plaintiff damages against the Defendant." Compl. at ¶¶ B, C, D. Plaintiff states that "[t]he declaratory and injunctive relief requested in this action is sought against each Defendant." *Id.* at ¶ H.

DHS and the Individual Defendants move for dismissal of Plaintiff's claims, arguing, *inter alia*, that this Court lacks jurisdiction over Plaintiff's suit because it was brought in derogation of the eleventh amendment. In addition, they assert that the action should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**STANDARD OF DECISION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A claim has facial plausibility when the court can draw "the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) constitute either "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). When, as here, the motion is a facial attack, the Court applies "a standard patterned on Rule 12(b)(6) and assume[s] the truthfulness of the facts alleged." *Utah Native Plant Soc'y v. United States Forest Serv.*, 923 F.3d 860, 865 (10th Cir. 2019) (internal quotations and citations omitted).

## DISCUSSION

### I. Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction. Under the eleventh amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state." U.S. Const. amend. XI. Although "[t]his language expressly encompasses only suits brought against a State by citizens of another state, . . . the Amendment bars suits against a State by citizens of that same State as well." *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). This immunity applies "whether the relief sought is legal or equitable." *Papasan*, 478 U.S. at 276; *see also Steadfast Ins.*

*Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages.").

Thus, "[t]he Eleventh Amendment is a jurisdictional bar that precludes uncontested suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) "Only a state or 'arms' of a state may assert the eleventh amendment as a defense to suit in federal court." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1232 (10th Cir. 1999); *see also Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1560 (10th Cir. 1992) ("Eleventh Amendment immunity extends to state agencies that act as arms of the state."). Absent waiver, consent to suit, or congressional abrogation of immunity, a suit in which a state is named as a defendant is generally proscribed by the eleventh amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Because DHS is an "arm" of the State of Oklahoma, Plaintiff's claims against it are barred under the eleventh amendment. *See McKinney v. State of Okla., Dept. of Human Servs., Shawnee, Okla.*, 925 F.2d 363, 365 (10th Cir. 1991) ("[T]he eleventh amendment bars plaintiff from seeking money damages against the Oklahoma Department of Human Services."); *Calfy v. Okla. Dept. of Human Servs.*, No. CIV-09-559-W, 2009 WL 10702243, at *2 (W.D. Okla. June 22, 2009) (holding that the eleventh amendment barred plaintiff's claims against Oklahoma Department of Human Services); *Wilson v. Dept. of Human Servs.*, No. CIV-18-1075-D, 2019 WL 3323507, at *2 (W.D. Okla. July 24, 2019)

("[T]he Eleventh Amendment bars Petitioner from seeking money damages against [Oklahoma Department of Human Services], an arm of the State.").

The State of Oklahoma has not waived its sovereign immunity or consented to suit for Plaintiff's claims under §§ 1981 or 1983. *See* Okla. Stat. tit. 51, § 152.1(B). And the Supreme Court has previously held that Congress did not abrogate the states' eleventh amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The Tenth Circuit has applied the Supreme Court's holding with equal force to civil rights claims under § 1981. *See Ellis v. Univ. of Kan. Medical Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). Accordingly, Plaintiff's claims against DHS must be dismissed for lack of jurisdiction.

To the extent Plaintiff seeks damages from the Individual Defendants acting in their official capacities, Plaintiff's claims are likewise barred under the eleventh amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (The eleventh amendment "bar remains in effect when State officials are sued for damages in their official capacity."); *see also Pietrowksi v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998) ("An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works."). Thus, Plaintiff's claims for damages against the Individual Defendants in their official capacities must be dismissed pursuant to Rule 12(b)(1).

## II. Fed. R. Civ. P. 12(b)(6)

Having dismissed Plaintiff's claims for (1) money damages and injunctive relief against Defendant DHS; and (2) money damages against the Individual Defendants in their official capacities, the Court turns to Plaintiff's only remaining claims: those for injunctive

relief against the Individual Defendants and those for money damages against the Individual Defendants in their individual capacities.

The Individual Defendants argue that Plaintiff's complaint "does not identify any facts indicating who did what to whom." Defs.' Resp. [Doc. No. 9] at 11. Further, they claim that Plaintiff's "complaint simply does not put any particular Individual Defendant on notice of the acts or omissions that the particular Defendant supposedly undertook leading to liability for constitutional violations." *Id.* Accordingly, they seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Viewing Plaintiff's complaint as a whole, the Court concludes that Plaintiff's allegations are insufficient to provide the Individual Defendants with fair notice of Plaintiff's claims and the grounds upon which they rest. In § 1983 cases it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007) (emphasis in original). Plaintiff repeatedly refers to "Defendants" collectively and fails to articulate with specificity the actions taken by the Individual Defendants that allegedly violated his rights.

For instance, the only mention of Defendant Deanna Nichols in the body of the complaint is Plaintiff's allegation that she "is the supervisor of Katie Snider." Compl. at ¶ 112. Defendant Joan West's name also appears only once in the body of the complaint:

in a paragraph identifying her as an individual who visited Plaintiff's daycare. *See id.* at ¶ 103.

As for Defendant Katie Snider, Plaintiff alleges that she (1) communicated to Plaintiff that his personal name was on Wonderfully Made's license; (2) visited Plaintiff's daycare; and (3) is supervised by Deanna Nichols. Turning to Pam LaFerney, Plaintiff claims that she "communicated in writing on or about July 8, 2021 that monitoring visits were suspended due to COVID concerns in March 2020 and then later resumed." Compl. at ¶ 62. He continues, alleging that "Pam LaFerney fails to give any Oklahoma Administrative Code, rule or law that gives her or [DHS] the legal authority to amend and/or cease monitoring visits." *Id.* at ¶ 63. Plaintiff also asserts that "[a] letter that is signed by Pam LaFerney makes it clear that from July 15, 2015 to June 5, 2017 [Plaintiff's] childcare did not have any repeated, numerous, and/or serious non-compliances." *Id.* at ¶ 112.

In each of his three counts, Plaintiff fails to identify how any action taken by any Individual Defendant provides a basis for relief. Rather, Plaintiff repeatedly refers to "Defendants" as a collective whole. Aside from identifying the constitutional rights implicated by his claims as substantive due process and equal protection, Plaintiff does not explain how the conduct of any of the Individual Defendants amounts to a § 1983 violation. Nor does Plaintiff explain how any action taken by the Individual Defendants violates § 1981. Accordingly, Plaintiff's claims for monetary damages and injunctive relief against the Individual Defendants must be dismissed. *See Robbins*, 519 F.3d at 1250 (affirming dismissal of count one of plaintiff's complaint because it failed "to isolate the allegedly

unconstitutional acts of each defendant, and thereby [did] not provide adequate notice as to the nature of the claims against each"); *Gray v. Univ. of Colo. Hosp. Authority*, 672 F.3d 909, 921 n.9 ("To provide adequate notice as to the nature of multiple claims against multiple defendants, a complaint must isolate the allegedly unlawful acts of each defendant. Otherwise, defendants have no way of knowing what particular unconstitutional acts they are alleged to have committed.") (internal citation and quotation omitted).

**CONCLUSION**

For the foregoing reasons, both motions to dismiss [Doc. Nos. 6, 9] are **GRANTED.** Plaintiff's claims for injunctive relief and damages against Defendant DHS and claims for damages against the Individual Defendants in their official capacities are **DISMISSED WITH PREJUDICE.**[1] Plaintiff's claims for injunctive relief against the Individual Defendants in their individual and official capacities and for damages against the Individual Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE** with leave to amend. Plaintiff, within twenty-one (21) days of this Order, may file an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed, his action will be dismissed with prejudice, and a judgment of dismissal will be entered.

[1] Although Plaintiff requested leave to amend, leave to amend may be denied under certain circumstances, including futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bauchman for Bauchman v. West High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Because these claims are jurisdictionally barred, granting leave to amend would be futile.

**IT IS SO ORDERED** this 22nd day of October, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge