**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARQUISE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-507-D |
| | ) | |
| KATIE SNIDER, in her Official and | ) | |
| Individual Capacity; PAM LAFERNEY, | ) | |
| in her Official and Individual Capacity; | ) | |
| DEANNA NICHOLS, in her Official and | ) | |
| Individual Capacity; and JOAN WEST, in | ) | |
| her Official and Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff Marquise Miller's Motion to Strike Defendants' Motion to Dismiss for Untimely Completion of Service. [Doc. No. 16].[1] On November 10, 2022, Plaintiff filed an amended complaint after the Court granted him leave to do so. On November 28, 2022, Defendants filed a motion to dismiss the amended complaint; they mailed a copy of the motion to Plaintiff that same day. *See* Mot. to Dismiss [Doc. No. 13] at 25 (Defendants certifying the document was sent by U.S. Mail on November 28, 2022). Now, Plaintiff claims that Defendants "failed to timely effectuate service" upon him and moves to strike Defendants' motion pursuant to Fed. R. Civ. P. 12(f). *See* Mot. to Strike at 1.

---

[1] The motion is fully briefed. *See* Defs.' Resp. Br. [Doc. No. 18]; Pl.'s Reply Br. [Doc. No. 21]. In addition, Plaintiff filed a Motion for Entry of Default, in which he requests the Court enter default against Defendants for the same reasons set forth in his motion to strike. *See* [Doc. No. 17].

Pursuant to Fed R. Civ. P. 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." In general, "motions, briefs, and memoranda may not be attacked by a motion to strike." *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (internal quotation omitted). By its express language, Rule 12(f) only applies to material contained within a pleading. Under the Federal Rules of Civil Procedure, "pleadings" are defined as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a)(1)-(7).

Defendants' motion to dismiss is not a pleading as defined by the Federal Rules of Civil Procedure. *See Ysais v. N.M. Jud. Standard Comm'n*, 616 F.Supp.2d 1176, 1190 (D.N.M. 2009) (electing not to strike a motion to dismiss because "it is not a 'pleading' subject to a motion to strike made pursuant to Fed. R. Civ. P. 12(f)"). Accordingly, Fed. R. Civ. P. 12(f) is not the appropriate procedural vehicle to address Plaintiff's concerns, and the Court finds that the motion must be **DENIED.**[2]

---

[2] The Court recognizes that it may strike a filing for lack of compliance with local rules. *See, e.g., Bunn*, 966 F.3d at 1099. Because Defendants' motion complies with local rules, this is not a basis upon which to grant Plaintiff's motion to strike.

In addition, the Court notes Plaintiff's allegations that defense counsel is misrepresenting material facts to the Court. The Court reminds Plaintiff that an unrepresented party certifies, when submitting a motion, that the motion

(1)  is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, [and];
(3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). Failure to adhere to Rule 11 may result in the imposition of sanctions, to include attorney fees against an offending party. *See* Fed. R. Civ. P. 11(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike [Doc. No. 16] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default [Doc. No. 17] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Ruling on Plaintiff's Motion to Strike [Doc. No. 22] is **DENIED AS MOOT.**

**IT IS SO ORDERED** this 19th day of January, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge