IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-22-507-D |
| KATIE SNIDER, in her Official and Individual Capacity, PAM LAFERNEY, in her Official and Individual Capacity, DEANNA NICHOLS, in her Official and Individual Capacity, and JOAN WEST, in her Official and Individual Capacity, | ) |
| Defendants. | ) |

## ORDER

Before the Court is a motion to dismiss filed by Defendants Katie Snider, Pam LaFerney, Deanna Nichols, and Joan West[1] [Doc. No. 13]. *Pro se* Plaintiff Marquise Miller[2] filed a response in opposition [Doc. No. 24]. The matter is fully briefed and at issue.

### *Background*

Plaintiff owns a childcare center known as Wonderfully Made Learning Center. Wonderfully Made is licensed through the Oklahoma Department of Human Services

---

[1] These four individuals are collectively referred to herein as the "Individual Defendants."

[2] Where, as here, a party is proceeding *pro se*, the Court is to liberally construe his filings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Although Plaintiff appears *pro se*, he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

("DHS"). On June 21, 2022, Plaintiff filed a complaint against DHS and the Individual Defendants in which he alleged violations of 42 U.S.C. §§ 1981 and 1983. DHS and the Individual Defendants filed separate motions to dismiss, which the Court granted. *See* 10/28/2022 Order [Doc. No. 11]. Plaintiff was granted leave to amend his complaint with respect to certain claims brought against the Individual Defendants; he subsequently filed an amended complaint on November 10, 2022. *See* Pl.'s First Am. Compl. ("FAC") [Doc. No. 12].

Plaintiff's amended complaint alleges that the Individual Defendants have discriminated against him, as owner of Wonderfully Made, because of his age, race, and gender. Specifically, he claims that the Individual Defendants applied a different set of standards to "black owned and operated" childcare centers than they applied to childcare centers which were "non-minority owned and/or operated." *See* FAC, ¶¶ 29-32. Despite committing "less serious infractions," Plaintiff claims that Wonderfully Made was subjected to increased monitoring compared to childcare centers owned by "non-minorities." *Id.*, ¶¶ 29-32, 46, 57-60. According to Plaintiff, these allegations require a finding that he is entitled to relief pursuant to 42 U.S.C. §§ 1981 and 1983.

The Individual Defendants seek dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and on the basis of qualified immunity. For the reasons set forth herein, the Court finds that the Individual Defendants' motion to dismiss should be **GRANTED.**

### *Standard of Decision*

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating the complaint, courts first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679; *see Robbins*, 519 F.3d at 1248. In § 1983 cases, it is particularly important for a complaint "to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins*, 519 F.3d at 1249-50 (emphasis omitted); *see Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

## *Discussion*

As noted, the Court previously granted Plaintiff leave to amend his complaint after finding that he failed to state claims for (1) injunctive relief against the Individual Defendants in their individual and official capacities, and (2) damages against the Individual Defendants in their individual capacities. *See* 10/28/2022 Order [Doc. No. 11]. In its Order, the Court concluded that the allegations contained in Plaintiff's original complaint were "insufficient to provide the Individual Defendants with fair notice of Plaintiff's claims and the grounds upon which they rest." *Id*. at 6. By repeatedly referring to "Defendants" as a collective whole, Plaintiff failed to articulate which specific actions,

as attributed to the Individual Defendants, violated his rights. *See Robbins*, 519 F.3d at 1249-50.

## I. Fed. R. Civ. P. 12(b)(6)

Upon review of the amended complaint, the Court concludes that Plaintiff's claims against the Individual Defendants must be dismissed. Although Plaintiff's amended complaint includes additional allegations, in general, these allegations amount to "labels and conclusions" and, thus, are not entitled to a presumption of truth. *See Twombly*, 550 U.S. at 555; *see, e.g.,* FAC, ¶¶ 16-27 (alleging that the Individual Defendants discriminated against him based on multiple factors, including his age, race, and gender); *id.*, ¶¶ 29-36 (alleging that the Individual Defendants applied different, stricter standards to minority owned and operated childcare centers); *id.*, ¶¶ 37-40 (alleging that the Individual Defendants' actions prevented him from enjoying his licensing agreement with DHS in the same manner as non-minority owned childcare centers).

Disregarding Plaintiff's conclusory allegations, the Court next considers whether Plaintiff's remaining allegations plausibly suggest liability. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). To support his claim that the Individual Defendants applied a different set of standards to "black owned and operated" childcare centers compared to "non-minority owned and/or operated" childcare centers, Plaintiff details infractions which were apparently committed by two other childcare centers, La Petite Academy and Playtime (+). FAC, ¶¶ 29-32, 44, 146. He alleges that these "non-minority owned and/or operated" childcare centers were "treated more favorably," despite

4

committing "worse infractions." *Id.*, ¶¶ 44, 46, 146. As a result, Plaintiff argues that he is entitled to relief pursuant to 42 U.S.C. §§ 1981 and 1983.³

Despite devoting a significant portion of his amended complaint to various infractions apparently committed by La Petite and Playtime (+), Plaintiff fails, at any point, to discuss the Individual Defendants' involvement with either facility. For instance, Plaintiff alleges that several complaints were submitted to DHS concerning La Petite, which resulted in various infractions throughout 2020 and 2021. *See* FAC, ¶¶ 47-54, 66-70, 78, 94, 122-26. He notes that DHS "determined that La Petite Academy exposed children to poison," and also "allowed babies to sit or lay in soiled diapers" for an unreasonable length of time. *Id.*, ¶ 48, 53. According to Plaintiff, his childcare center has committed "less serious infractions, but [was] still given more strict monitoring oversight by [the Individual Defendants]." *Id.*, ¶¶ 57-60.

Absent from Plaintiff's amended complaint are any allegations which indicate the Individual Defendants were tasked with monitoring La Petite. Instead, Plaintiff alleges that DHS—as opposed to the Individual Defendants—failed to visit La Petite more frequently after observing various infractions. *See, e.g.,* ¶¶ 94-95 ("[DHS] increased the number of visits to [Plaintiff's] center, while keeping La Petite's Monthly Frequency Plan the same. . . . La Petite Academy was treated more favorable.").⁴

---

³ Although Plaintiff's amended complaint also discusses the policies implemented by DHS as a result of the COVID-19 pandemic, it is unclear how such actions violated Plaintiff's constitutional or statutory rights.

⁴ Plaintiff's amended complaint similarly fails to detail the Individual Defendants' involvement with Playtime (+). *See, e.g.,* FAC, ¶¶ 151-52 (describing actions taken by DHS concerning Playtime (+)'s infractions).

As before, Plaintiff again attempts to attribute the collective actions of the Oklahoma Department of Human Services to the Individual Defendants. *See Robbins*, 519 F.3d at 1250 ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *see id.* at 1249-50 (In § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective actions against the state.") (emphasis in original). Plaintiff's allegations, construed liberally, do not allow the Court to draw a reasonable inference that the Individual Defendants violated Plaintiff's statutory or constitutional rights. Plaintiff's amended complaint fails to "isolate the allegedly unconstitutional acts of each defendant," and thus, fails to "provide adequate notice as to the nature of the claims against each." *Robbins*, 519 F.3d at 1250. Plaintiff often refers to each Individual Defendant by name, but does so mainly in connection with conclusory allegations. Viewing the allegations in the light most favorable to Plaintiff, the Court cannot conclude that Plaintiff has "nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, Plaintiff's claims against the Individual Defendants must be dismissed.

## II.  Qualified Immunity

As noted, the Individual Defendants raised qualified immunity in their motion. "[W]hen a defendant raises a qualified immunity defense in a Rule 12(b)(6) motion, the

court must dismiss the action unless the plaintiff shows that (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established at the time of the violation." *A.N. ex rel. Ponder v. Syling*, 928 F.3d 1191, 1196 (10th Cir. 2019) (internal quotation omitted). For the reasons discussed *supra*, Plaintiff has failed to allege facts showing that the Individual Defendants violated a statutory or constitutional right. Accordingly, because Plaintiff cannot satisfy the first prong of the two-pronged test, the Court finds that the Individual Defendants are entitled to qualified immunity.

### III. Leave to Amend

Despite filing an emended complaint, Plaintiff has failed to cure the deficiencies in his allegations. Nor has Plaintiff requested further leave to amend. Accordingly, the Court declines to grant Plaintiff leave to amend his complaint. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (Refusing leave to amend is "justified upon a showing of . . . failure to cure deficiencies by amendments previously allowed."); *see also Burnett v. Mortg. Elec. Regis. Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) ("Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave.").

### *Conclusion*

For the reasons set forth herein, the Individual Defendants' Motion to Dismiss [Doc. No. 13] is **GRANTED.**

**IT IS THEREFORE ORDERED** that Plaintiff's claims against the Individual Defendants are **DISMISSED WITHOUT PREJUDICE.** A separate judgment shall issue accordingly.

**IT IS SO ORDERED** this 7th day of August, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge